[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Elizabeth Ann Regish was born July 2, 1989 to Elsbeth Ann Gray, now Elsbeth Gray Coltey, then 17 years of age, and Jason Edward Regish, then 15. The parents did not marry.
On October 18, 1989 a request for a voluntary change of guardianship was entered in the Granby Probate Court. Guardian ad litem for the minor child, Elizabeth, concurred. On April 24, 1990 John and Laurie Regish, parents of Jason Regish were named guardians of Elizabeth for one year pending review.
On May 17, 1991 the court ordered the guardianship to remain in effect and modified visitation rights.
On April 13, 1993, in response to a motion filed by Elsbeth Gray Coltey, the Granby Probate Court held a hearing for reinstatement of guardianship pursuant to CGS 45a-611. The court found that the defendant Mrs. Coltey:
 "since the date of removal a guardian has faithfully exercised visitation with her daughter, often in the presence of her fiancee". Further, the Court found that "if the paternal grandparents are to remain as guardians, their move to Arizona will severely limit visitation opportunities for the mother". Citing Connecticut General Statutes Section 46b-56b the Court also found that there was a presumption in Connecticut law that it is in the best interest of the child to be in the custody of the parent. Finally, the Court found that Mrs. Coltey, the mother, "has satisfactorily overcome those factors which earlier resulted in her removal as guardian".
On April 21, 1993 the plaintiffs John and CT Page 6258 Laurie Regis initiated this appeal containing two counts, one for custody, and a second count to overturn the probate court order.
After two days of trial and the presentation of seven witnesses, this Court finds sufficient evidence to have been presented to enable the court to find that the standards of CGS 461-611 have been met, and that Elizabeth's mother Elsbeth Gray Coltey should be reinstated as her guardian. The factors which resulted in her removal have been resolved satisfactorily. Mrs. Coltey is now able to assume responsibility for Elsbeth. The Court finds Mrs. Coltey has maintained a reasonable degree of interest, concern and responsibility for Elizabeth's welfare. Further, Mrs. Coltey has the present ability to provide the care, guidance and control necessary for the physical, educational, moral and emotional well being of Elizabeth.
It is in the best interest of Elsbeth to be returned to the custody of her mother. Mrs. Coltey's parenting skills are equal to that task. She is not a perfect mother. Few young mothers are. But she possesses more qualifications than most and little Elizabeth is entitled to be in the care of her biological mother, a presumption favored by CGS 46b-566.
Custodianship is not an auction. It is not to be awarded to the wealthier party, not to the more mature. There has been no proof satisfactory to this court that it would be detrimental to Elizabeth to entrust her to her mother's care. Her mother is a competent well respected child care professional. The evidence offered by mothers whose young children she services and by the owner of the child care center at which she works were compelling.
On reaching this conclusion, the Court is fully cognizant of the superb parenting supplied Elizabeth by Laurie and John Regish. They have been very special grandparents, offering Elizabeth a valued environment and providing her with a meaningful foundation for her life at a time when neither Jason CT Page 6259 Regish nor Elsbeth Coltey were able to provide appropriate care.
But it is time to move on, time for Elizabeth to move to the care of her biological mother.
Laurie Regish's love for Elizabeth will be best illustrated by her willingness to wholeheartedly assist in a meaningful and successful transition to her mother's care. Sincere participation is likely to result in a meaningful ongoing relationship between mother and grandmother with Elizabeth Coltey. Such a relationship would be the finest gift possible for young Elizabeth. Elsbeth must learn to appreciate Laurie's role in the life of her daughter and Laurie must learn to respect Elizabeth's role as Elsbeth's mother. If both women are able to put their personal needs aside and focus instead on Elizabeth's future, the child can be blessed with being raised by a loving mother supplemented by a respected grandmother.
With respect to the appeal from the Court of Probate the court hereby affirms the decision of that court.
The petition by Elsbeth Gray Coltey dated April 29, 1993 is granted.
The petition of John and Laurie Regish for guardianship and custody of Elizabeth Regish is denied.
The court, however, does not feel that the recommendations of the parties for the transition of Elizabeth from Laurie and John Regish to Elsbeth Coltey are sufficient to Elizabeth's needs.
The court is in need of further guidance.
Therefore, the court shall convene at 9:30 a.m. on July 28, 1994 to enable the parties to offer recommendations for:
1. Elizabeth Regish's transition period, CT Page 6260
 2. A visitation schedule thereafter for Laurie, John and Jason Regish and
3. A child support payment by Jason Regish:
The transition period shall not exceed 12 months.
Although the transition is to have an ultimate Connecticut focus, Arizona is an acceptable interim locus, provided the time spent in Arizona is used to facilitate Elizabeth's transition and is financially feasible for Elsbeth Coltey.
In the event of any disagreement between members of the Regish family and Elsbeth Coltey, the preferences of Elsbeth Coltey shall prevail.
Jason Regish, father of Elizabeth Regish, shall pay support based upon the Connecticut Child Support guidelines. He is directed to provide a sworn financial affidavit together with an extended statement of his income from his employer to the defendant and the court in advance of the July 28, 1994 hearing.
It is the strong preference of the court that the parties meet to construct a mutually agreeable transitional format, visitation schedule and child support payment before July 28th. The court will be pleased to give it serious consideration and may well issue a supplemental judgment incorporating those terms, rendering the July 28th hearing unnecessary.
Steinberg, J. CT Page 6261